IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SAUNDRA BURKS | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| 5390TUNE, INC. D/B/A PRECISION | § | |
| TUNE AUTO CARE #22-08 | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.     Plaintiff, Saundra Burks, is an individual who is a citizen of the State of Texas.

2.     Defendant, 5390Tune, Inc. d/b/a Precision Tune Auto Care #22-08 ("Precision Tune"), is a Texas corporation doing business in the State of Texas.  Precision Tune may be served with process by delivery to its registered agent in Texas, Dale Grider, 5390 College, Beaumont, Texas 77707.

### B. Jurisdiction

3.     The court has jurisdiction over the lawsuit under the federal question jurisdiction of 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on sex and race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4.     Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Jefferson County, Texas, within this district and the unlawful employment practices occurred at that location.

## D. Exhaustion of Administrative Remedies

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A."

## E. Unlawful Employment Practices Under Title VII

6.      Plaintiff is a black female employee protected under Title VII, 42 U.S.C. §2000e(f).

7.      Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

8.      Plaintiff began working at defendant's Precision Tune Auto Care location in Beaumont, Texas on April 9, 2012. Beginning in July of 2012 and throughout her employment with defendant, manager Jeremy Gabriel regularly subjected plaintiff to unwanted sexually suggestive comments and remarks. Gabriel, along with other male employees,  continually discussed women in a derogatory manner.

9.      Plaintiff complained of the harassment to Dale and Hannah Grider, owners of defendant's Beaumont location. Defendant did not make any corrective actions, and Gabriel's harassment continued.  In response to plaintiff's complaints, Gabriel subjected plaintiff to increased harassment and unmerited discipline.

**Sexual Discrimination & Harassment Under Title VII**

10.      Defendant intentionally discriminated against plaintiff in violation of Title VII, U.S.C. §2000e-2 by creating a sexually hostile work environment.

11.      The conduct of manager Gabriel interfered with plaintiff's work performance. Specifically, Gabriel and other male employees would discuss female customer body parts. Gabriel made unwanted sexually suggestive comments and remarks to plaintiff.

2

12.     Plaintiff's complaints of the sexual harassment to the owners were not addressed by defendant.  Defendant did not exercise reasonable care to prevent and cure allegations of sexual harassment.   Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

13.     After plaintiff's complaints of gender discrimination, Gabriel began to increase the harassment and subjected plaintiff to increased discrimination by disciplining plaintiff more severely than male employees.  Defendant ultimately terminated plaintiff on November 30, 2012 based on Gabriel's   discipline of plaintiff, which was a pretext to unlawful discrimination based on gender.

**Racial Discrimination Under Title VII**

14.     Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII, U.S.C. §2000e-2 by denying employment opportunities, treating plaintiff differently than employees of other races, and in ultimately terminating plaintiff based on her race.

15.     Plaintiff was the only black employee at defendant's Beaumont location. Throughout plaintiff's employment with defendant, Gabriel would deny job positions to black applicants. Defendant unlawfully discriminated against plaintiff because of her race.

16.     Defendant's intentional discrimination resulted in an adverse employment action against plaintiff.   Defendant harassed plaintiff because of her gender and disciplined plaintiff harsher than it did to non-black or male employees because of her race and gender.  Manager Gabriel had a practice of denying applicants opportunities because of their race.  Gabriel treated plaintiff unlawfully by disciplining her, because of her race, more severely than employees outside her class.  Defendant ultimately terminated plaintiff based

on Gabriel's discipline of plaintiff, which was a pretext to unlawful discrimination based on race.

**Retaliation Under Title VII**

17.     Defendant unlawfully retaliated against plaintiff because she opposed a practice made unlawful by Title VII.  Plaintiff reported to defendant her opposition to its unlawful discrimination and harassment based on sex.  Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a).  The defendant subjected plaintiff to an adverse employment action by terminating her employment.  A causal link exists between the protected activity and the defendant's action.  Any other reasons by defendant for the adverse employment action are merely pretexts.

<u>F. Damages</u>

18.     As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling her to the following remedies:

    a.      Back pay, including that amount of wages and employment benefits plaintiff would have earned if she had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits she received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b.      Reinstatement; and

    c.      Front pay, if reinstatement is inappropriate.

19.     As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

    a.      Discharge from employment with defendant. Plaintiff has incurred expenses in seeking other employment;

b.  Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; and

c.  Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## G.  Attorney Fees

20.   Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## H.  Additional Damages

21.   In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

## I.  Jury Demand

22.   Plaintiff requests a trial by jury.

## J.  Prayer

23.   For these reasons, plaintiff asks for judgment against defendant for the following:

a.   Reinstatement to her prior job and position;

b.   Back pay and front pay, including all employment benefits;

c.   Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d.   Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.   Exemplary damages;

f.   Attorney fees and courts costs; and

g.      All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)



By:      _____
        Kenneth W. Lewis
        Ken.L@bushlewis.com
        Texas Bar #12295300
        Stephen L. Townsend
        Stephen.T@bushlewis.com
        Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF